IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV87-MU-02

| | |
|---|---|
| **DARRELL LEE YOUNG,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **LARRY DAIL,** Supt. Of the ) | |
| Craven Correctional Insti- ) | |
| tution, ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on Petitioner's "Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus . . . ," filed July 29, 2008. For the reasons stated herein, Petitioner's case will be dismissed as time-barred.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the Petition and its multiple pages of attachments, on April 29, 1980, Petitioner was tried and convicted of single counts of second-degree rape, kidnapping, felonious larceny and felonious escape. Accordingly, the Superior Court of Alexander County sentenced Petitioner to terms of life imprisonment for the rape, ten years imprisonment for the larceny, one year imprisonment for the escape and not less than 50 years nor more than life imprisonment for the kidnapping.

Upon permission of the Supreme Court of North Carolina on

November 5, 1980, Petitioner by-passed the North Carolina Court of Appeals and presented his appeal to the State Supreme Court. On appeal, Petitioner argued that the trial court erred in granting the State's motion to consolidate his charges for trial; that his right to a speedy trial under North Carolina law was violated; and that the trial court erred in denying his motion for a new trial. North Carolina v. Young, 302 N.C. 385, 387-89 (March 4, 1981). However, the State Supreme Court rejected each of Petitioner's claims and found there was no error in his convictions. Id. at 390. Consequently, Petitioner's convictions and sentences were affirmed. Id.

The instant Petition further reports that Petitioner did not seek certiorari review of his case in the United States Supreme Court. Rather, after waiting more than 26 years, on February 5, 2008, Petitioner filed a "Motion for Habeas Corpus" in the Superior Court of Durham County. As best this Court can determine, that Motion argues that Petitioner's conviction was obtained in violation of his due process rights "as well as other provisions of the United States and North Carolina Constitutions; that there has been an otherwise unspecified "significant change in the law (both substantive and procedurally) which must be retroactively applied to [his] case"; that there were "numerous problems and flaws in [his] trial including from the point of apprehe[nsion] by the Police on through trial testimony and sentencing . . . and [his]

2

conviction was further due to the ineffectiveness of [his] trial and appellate defense lawyer"; and that his convictions were obtained without the Courts having "safeguard[ed his] fundamental rights as an accused during critical stages of [his] proceedings."

In any event, Petitioner reports that there has been no disposition on his Motion for <u>Habeas Corpus</u> because he believes that document was "lost or misplaced" by the Durham County Clerk's Office. Therefore, Petitioner further reports that he filed a Petition for a Writ of <u>Mandamus</u> in the State Court of Appeals arguing that he was denied access to the court in connection with the loss of his Motion for <u>Habeas Corpus</u>. Not surprisingly, the State Court of Appeals denied Petitioner's Petition for a Writ of <u>Mandamus</u>. Petitioner also reports that he has appealed the State Court of Appeals' decision to the State Supreme Court but has not yet received a decision on that appeal.[1]

Undaunted, Petitioner now has filed the instant federal Petition under 28 U.S.C. § 2254 challenging, of all things, the Superior Court in Durham's alleged mishandling of his Motion for <u>Habeas Corpus</u>. Suffice it to say, however, the instant Motion must be summarily dismissed.

---

[1] Ordinarily if a Petitioner reports the existence of a pending motion in the State Court, this Court feels constrained to dismiss the federal Petition without prejudice and await the final resolution of the State court matter. However, because Petitioner's Petition clearly establishes that the matter which still is pending does <u>not</u> challenge the legality or duration of his convictions and sentences, that proceeding is not the type which requires this Court to abstain from resolving this federal Petition.

3

## II. ANALYSIS

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted, Petitioner reports that he was convicted and sentenced on the underlying State charges on April 29, 1980. Petitioner further reports that his convictions were affirmed by the State Supreme Court in March 4, 1981 and that he did not seek any further direct review of his case. Thus, Petitioner's case became final no later than May 23, 1981 –- that is, at the expiration of the 90-day period during which he could have sought certiorari review. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (identifying a 90-day grace period for cases in which no certiorari review was sought in the U.S. Supreme Court).

More critically, however, because Petitioner's convictions and sentences became final prior to the 1996 enactment of the AEDPA, in the absence of any intervening circumstances, Petitioner had up to and including April 24, 1997 in which to file the instant habeas Petition. Id. at 328 (noting that for pre-AEDPA convictions, 1-year limitations period runs from AEDPA's effective date); and Brown v. Angelone, 150 F.3 370, 375 (4th Cir. 1998) (same). Obviously, Petitioner did not file this Petition by such April 1997 date.

Additionally, while it has not escaped the Court's attention that Petitioner has made a belated attempt to secure post-judgment review in the State court system, that fact is of little consequence here. Indeed, Petitioner allowed more than 20 years to pass before he even began his pursuit of that review with the

filing of his February 2008 Motion for <u>Habeas Corpus</u>. By the time that Petitioner filed that motion, his one-year limitations period already had fully expired. Consequently, because it is well settled that subsequently filed motions or petitions for collateral review in State court cannot somehow breathe new life into already expired federal limitations periods, Petitioner's delayed pursuit of State collateral review simply came too little too late. <u>See</u> <u>Minter v. Beck</u>, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appellate review but before initiation of State collateral review is not tolled from one-year limitations period). In short, the time during which Petitioner pursued collateral review cannot be used to toll the one-year limitations period.

No doubt, having allowed more than 26 years to elapse between the affirmation of his convictions and his pursuit of federal relief, Petitioner was aware that this Petition likely would be construed as time-barred.[2] Indeed, question 18 on his form-

---

[2] In January 2002, the Fourth Circuit Court of Appeals decided the case of <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal <u>habeas</u> court, prior to trial, perceives a <u>pro-se</u> [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal <u>habeas</u> forms to comply with <u>Hill</u>. The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that Petitioner has addressed the timeliness of his Petition--albeit unsuccessfully--the Court

6

Petition prompts petitioners whose judgments of conviction became final more than a year before the initiation of their habeas Petitions to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [their] Petition[s]." In response to that question, Petitioner asserts that:

> Because other than a direct appeal in April of 1980, no other documents [sic] has been submitted for filing and review by any State or Federal Judiciary on Petitioner's behalf.
>
> And there is no Statute of Limitations on either a State (MAR) or (Habeas Corpus).
>
> And since there has been several changes in North Carolina's sentencing system since the Petitioner's alleged crime in seventy (79) nine, he has the right to present his cause before the Court.

Petitioner's explanation falls far short of demonstrating a basis for construing his Petition as timely filed. Even assuming the truth of Petitioner's assertion that there is no statute of limitations for a motion for appropriate relief or Habeas Corpus petitions, that does not change the fact that the AEDPA does carry a one-year limitations period. Moreover, Petitioner's suggestion that the "sentencing system" has changed also falls short of demonstrating that the limitations period for his Petition should be calculated using some more recent date than the one on which the Court is relying.

---

concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

7

Finally, the Court is aware of the Fourth Circuit's recent decision in Bilal v. North Carolina, No. 06-6677 (4th Cir. July 18 2008), in which the Court specifically limited its holding to the facts of that case and concluded that this Court's sua sponte dismissal of a § 2254 Petition was premature; however, this case is distinguishable from Bilal. That is, here, the Court has determined that more than two decades elapsed between the time that Petitioner completed his direct review in the State Court and the time that he sought collateral review in both the State and federal courts. Bilal involved a relatively short 30-day delay. Ultimately, therefore, the undersigned finds that Petitioner's untimeliness stands as an absolute bar to his entitlement to federal review.

### III. CONCLUSION

The Court has determined that the instant Petition was untimely filed; therefore, such Petition must be dismissed.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED.**

**SO ORDERED.**

Signed: August 11, 2008

Graham C. Mullen
United States District Judge